UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

VS.　　　　　　　　　　　　　　　　　　CASE NO: 6:11-cr-247-Orl-28KRS

PREVIN COLEMAN

### ORDER

Before the Court is Defendant's third motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (Doc. 69). The Government responded to the motion opposing the requested relief. (Doc. 71). Because Defendant presents no extraordinary and compelling reason for release, the motion is due to be denied.

Defendant is currently serving 240 months for conspiracy to possess with intent to distribute five kilograms or more of a substance containing cocaine hydrochloride in this case.[1] As a result of the crime committed in this case, Defendant violated his supervised release in case number 6:11-cr-275,[2] and was sentenced to 41 months to run concurrently with the sentence imposed in this case. These sentences follow a long history of drug crimes. According to the Presentence Investigation Report ("PSR") in this case, at age 21, a Michigan state court sentenced Defendant (case number 90-32141-FH, in 1990) to 2.5-20 years for possession with intent to deliver cocaine less than 50 grams.[3] In November

---

[1] Sentenced on April 20, 2012. (Docs. 42, 43).

[2] This was originally a case in Michigan from 2000, transferred to this Court when he violated his supervised release.

[3] After being arrested for this charge and prior to sentencing, Defendant was again arrested for possession with intent to deliver less than 50 grams of cocaine. He pled guilty and was sentenced to 1.5 to 20 years to be served consecutively with case number 90-32141-FH. (PSR).

Case 6:11-cr-00247-JA-KRS   Document 72   Filed 10/06/20   Page 2 of 8 PageID 456

1995, at age 27, Defendant's parole was discharged. In January of 1996, Defendant was arrested for possession of marijuana in Texas, and in August of 1996, a Texas state court sentenced Defendant to three years in prison for the possession of marijuana. Paroled in 1997, he was discharged in 1999. In 2000, he was arrested again at age 32, and sentenced in 2001 by the federal district court in Michigan to 202 months[4] and 6 years of supervised release for distribution of cocaine base. He was discharged to supervised release on June 17, 2010. In 2011, at age 47, he was arrested again resulting in the charges brought in this case. He has served 9 years of his 20-year sentence. His expected release date is September 7, 2028. (Doc. 71).

The Court denied Defendant's previous two motions for compassionate release due to Defendant's failure to exhaust his administrative remedies. (Docs. 59, 62, 63, 68). The Court must first consider whether Defendant has exhausted his administrative remedies. Under 18 U.S.C. § 3582(c)(1)(A), as amended by Section 603(b) of the First Step Act, the Court may act "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."

Defendant asked the warden for relief on July 11, 2020. (Doc. 69-1). The warden did not respond within 30 days. (Doc. 69). The Government does not dispute this in their response. (Doc. 71). Because the warden did not respond to Defendant's request within 30 days, Defendant properly exhausted his administrative remedies and can request a

---

[4] Later reduced to 154 months pursuant to Rule 35.

modification of his sentence directly from the Court. 18 U.S.C. §3582(c)(1)(A).

Defendant argues the Covid-19 pandemic and his underlying health issues are extraordinary and compelling reasons sufficient to release him to time served. The Sentencing Commission's policy statement defines "extraordinary and compelling reasons" to include, certain specified categories of medical conditions. U.S.S.G. § 1B1.13, cmt. n.1(A). Those categories include (i) any terminal illness, and (ii) any "serious physical or medical condition ... that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. §1B1.13, cmt. n.1(A). Even when an extraordinary and compelling reason exists, however, this Court should only reduce a term of imprisonment if it determines that the defendant is not a danger to the public. U.S.S.G. §1B1.13(2). And this Court must consider whether the 18 U.S.C. § 3553(a) factors weigh in favor of release. *See* 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. §1B1.13.

The COVID-19 pandemic does not fall into the specified categories of the Sentencing Commission's policy statement. The categories are as to serious medical conditions afflicting an individual inmate, not generalized threats to the entire population. "The mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020); *see also United States v. Gileno*, No. 3:19-cr-161-(VAB)-1, 2020 WL 1307108, at *4 (D. Conn. Mar. 19, 2020) (denying compassionate release because the Bureau of Prisons' ("BOP") proposed plan

adequately addresses the COVID-19 pandemic).[5] "[G]eneral concerns about possible exposure to COVID-19 do not meet the criteria for an extraordinary and compelling reason under U.S.S.G. § 1B1.13." *United States v. Smith,* No. 8:17-cr-412-T-36AAS, 2020 WL 2512883, at *6 (M.D. Fla. May 15, 2020).

"It is a rare case in which health conditions present an 'exceptional reason'" to allow for release where detention otherwise would be warranted. *United States v. Wages,* 271 F. App'x 726, 728 (10th Cir. 2008) (considering pretrial detention). Defendant contracted Covid-19 while under the care of the BOP. (Doc. 69-3; sample collected May 22, 2020). On May 24, 2020, a BOP clinic note indicates Defendant was asymptomatic. (Doc. 71-1). He is currently out of quarantine and housed back in his quarters with roommates. (Doc. 69). Defendant states "[o]n June 12, 2020, the records state he has recovered; however, he still shows symptoms of COVID-19 and he has not received any further testing for COVID-19 or pneumonia to indicate a negative confirmation of recovery." (Doc. 69 at 8, ¶ 24). Defendant asserts that he suffers from asthma, high cholesterol, obesity, heart blockage, hypertension and angina (Doc. 69

---

[5] *See also, e.g., United States v. Coles,* No. 18-cr-20254, 2020 WL 1899562 (E.D. Mich. Apr. 17, 2020) (denied for 28-year-old inmate at institution with outbreak); *United States v. Okpala,* No. 17-CR-00533 (CBA), 2020 WL 1864889 (E.D.N.Y. Apr. 14, 2020); *United States v. Weeks,* No. 16-CR-167 (LAP), 2020 WL 1862634 (S.D.N.Y. Apr. 14, 2020); *United States v. Haney,* No. 19-cr-541 (JSR), 2020 WL 1821988 (S.D.N.Y. Apr. 13, 2020) (denied for 61-year-old with no other conditions); *United States v. Pinto-Thomas,* No. 18-cr-579 (JSR), 2020 WL 1845875 (S.D.N.Y. Apr. 13, 2020) (two insider trading defendants with less than a year to serve have no risk factors); *United States v. Korn,* No. 15-CR-81S, 11-CR-384S, 2020 WL 1808213, at *6 (W.D.N.Y. Apr. 9, 2020) ("in this Court's view, the mere *possibility* of contracting a communicable disease such as COVID-19, without any showing that the Bureau of Prisons will not or cannot guard against or treat such a disease, does not constitute an extraordinary or compelling reason for a sentence reduction under the statutory scheme."); *United States v. Carver,* No. 4:19-cr-06044-SMJ, 2020 WL 1892340 (E.D. Wash. Apr. 8, 2020).

at 8), and these make him more vulnerable to becoming seriously ill should he contract COVID-19 again.

Looking at his past health history on file is informative. Defendant's PSR (April 9, 2012) states:

> [Previn Coleman] reported that he is healthy. He stated that he had asthma in the past but has not had an asthma attack for over a year. He attributes his good health to running "a lot." He reported that while he was in the Army they discovered that he had a functional heart murmur but it had never caused him any problems. He also stated that he had also been diagnosed with high cholesterol in the past but never pursued medical treatment.

In his March 22, 2020 request to the warden for a reduction in sentence based on a sentence disparity, he asserts "I'm 51 years old and healthy. I do not foresee any health issues in the near future." (Doc. 67-1 at 1). Thirteen days later, on April 4, 2020, in another request to the warden, Defendant asserts he is asthmatic and been diagnosed with a heart disease. (Doc. 67-1 at 2). He also asserts that if released, he will reside in Sanford, Florida and be employed by BluLine Ent. LLC, making approximately $2,500.00 per month. (*Id.*). In his most recent request to the warden (July 11, 2020), Defendant states he will reside in Pembroke Pines, Florida but "due to my medical condition, I will be unable to gain employment." (Doc. 69-1).

The CDC advises that obesity puts one at an increased risk of severe illness from Covid-19 and asthma and hypertension might increase one's risks.[6] However, these conditions are not extraordinary. "According to the CDC, 108 million adults in the United States (nearly 45%) have high blood pressure or take medication for the condition.

---

[6] https://www.cdc.gov.

Similarly, as of 2017-2018, 42.4% of American adults suffer from obesity. Assuming federal prisoners experience these conditions at about the same rate as the general population, if either one qualified as an extraordinary and compelling reason, roughly half the prison population would be eligible for compassionate release." *United States v. Hayes,* No. 3:18-cr-37-J-34JBT, 2020 WL 3611485, at * 2 (July 2, 2020, M. D. Fla.)(footnotes omitted). And, it appears Defendant's asthma, exercise induced asthma rather than moderate to severe asthma, is being successfully managed by the BOP with medication. (Doc. 71, 71-2, 71-3).

Moreover, the mere risk of reinfection of Covid-19 does not constitute an extraordinary and compelling reason for release. *See e.g., United States v. Zahn,* No. 4:18-cr-00150-JD-1, 2020 WL 3035795,at *2 (N.D. Cal. June 6, 2020) ("[T]he immediate threat to Zahn has passed, fortunately with no serious complications of any kind. That is enough to find that he has not proffered an extraordinary and compelling reason for release under 18 U.S.C. § 3582(c)(1)(A)(i)."); *United States v. Curtiss,* 6:18-CR-06064 EAW, 2020 WL 3146506, at *2 (W.D.N.Y. June 15, 2020)("While Defendant's medical conditions appear serious and present a heightened risk for serious illness from Covid-19 . . . the reality is that he contracted the virus and appears to have recovered . . . [T]he fact that . . . there is 'no guarantee that he will not become re-infected and suffer a worse outcome' . . . does not mean that extraordinary and compelling circumstances justify a reduction in his prison sentence."); *United States v. Ferguson,* No. 5:15-cr-00018-KDB-DSC-1, 2020 WL 5300874, at *4 (W.D.N.C. September 4, 2020) ("recovery from a positive COVID-19 diagnosis, particularly where the inmate suffered only minor symptoms, does not qualify

as an extraordinary circumstance under the relevant policy statement, even if Defendant has COVID-19 risk factors.").

Defendant has not identified a medical condition that falls within one of the categories specified in the Sentencing Commission's policy statement's application note. He does not have a terminal illness and he is able to provide self-care. Courts are prohibited from granting compassionate release unless "such a reduction is consistent with applicable policy statements issued by" the Commission. 18 U.S.C. § 3582(c)(1)(A). *See Dillon v. United States*, 560 U.S. 817, 821 (2010)(a "reduction must be consistent with applicable policy statements issued by the Sentencing Commission"); *United States v. Colon*, 707 F.3d 1255, 1259-60 (11th Cir. 2013) (3582(c)(2) requires courts to follow policy statements of the Sentencing Commission); *United States v. Nasirun*, No. 8:99-CR-367-T-27TBM, 2020 WL 686030, at *2 (M.D. Fla. Feb. 11, 2020)("any reduction must be consistent with the policy statements of the Sentencing Commission").

Further, this Court should only reduce a term of imprisonment if it determines that the Defendant is not a danger to the public and the 18 U.S.C. § 3553(a) factors weigh in favor of release. *See* 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. §1B1.13. After considering the section 3553(a) factors and Defendant's criminal history, the Court determines that Defendant is a danger to the public and the section 3553(a) factors do not weigh in favor of release.

A review of Defendant's criminal history in his PSR reveals that Defendant has been incarcerated most of his adult life, all stemming from possession of cocaine or marijuana. Arrested at 21, he was sentenced to 2.5 to 20 years. It is unknown when he was released to parole from that sentence but he was discharged from parole at the age of 27. Just over

a month after being discharged, he was arrested and convicted again, released to parole at the age of 29. At 30, he was discharged from parole. At 31, he was once again arrested and convicted. He was released to supervised release at 41. While on supervised release he was arrested at age 42 and convicted in this case at age 43. After being incarcerated for most of his life, Defendant seems to have learned nothing. He has served nine years of his 20-year sentence in this case.

While the Court is empathetic to the plight of those in prison with this looming pandemic, it cannot carte blanche release the prison population. Each individual is unique and must present extraordinary and compelling circumstances for this Court to allow a sentence reduction. The mere possibility of becoming infected with Covid-19 applies to the entire prison population and is not an extraordinary and compelling reason for Defendant's release. The Court finds no compelling and extraordinary circumstances to grant a sentence reduction for this Defendant.[7]

Accordingly, having considered the above, Defendant's Motion to Reduce Sentence (Doc. 69) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on October 6, 2020.

JOHN ANTOON II
United States District Judge

Copies furnished to:
United States Attorney
United States Probation Office
Counsel for Defendant

---

[7] Defendant notes that at his sentencing, he was "charged with an 851 enhancement, which had he been sentenced now, would likely not apply." (Doc. 69 at 9, ¶ 29). This argument is not properly before the Court and the Court does not address it here.